

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JEFFREY P. SOUSA,                  )
                                   )
        Plaintiff,       )
                                   )
    vs.                          )    No. 05 C 4467
                                   )
MICHAEL SHEAHAN, et al.,           )
                                   )
        Defendants.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Sousa brought this action against Michael Sheahan, Amy Perez, Ms. Bowers, Nikkita Cross[1], John Stroger, Richard Devine, and John Doe, alleging violations of his constitutional rights. Plaintiff's claims stem from an assault he suffered at the hands of Cross while he was in custody as a pretrial detainee with the Cook County Department of Corrections. Pursuant to order of this court, defendants Bowers, Cross, Stroger and Devine were terminated as defendants on August 8, 2005. Plaintiff was permitted to proceed against Sheahan for the sole purpose of discovery of the John Doe defendant. Plaintiff received until March 1, 2006, to discover the identity of the John Doe defendant, and thereafter was ordered to file a second amended complaint. Plaintiff never filed an amended complaint and has not provided the court with the identity of the John Doe defendant. Defendant Perez now moves for summary judgment and plaintiff cross-moves for summary judgment. For the reasons stated herein, defendant's motion is granted and plaintiff's motion is denied.

---

[1] It is unclear whether the defendant's name is Nikkita Cross, as so designated in the complaint, or Nikitus Cross.

## DISCUSSION

Pursuant to Local Rule 56, in reviewing a motion for summary judgment we generally take the factual background from the statements submitted by the parties. Here, plaintiff has failed to either submit his own 56.1 statement or respond to defendant's 56.1 statement. Although we employ a more liberal standard of review for a plaintiff proceeding without assistance of counsel (*see* Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir.1998)), even a *pro se* plaintiff is not excused from compliance with procedural rules. McMasters v. U.S., 260 F.3d 814, 818 (7th Cir.2001). Because plaintiff received a notice regarding summary judgment pursuant to Local Rule 56.2, we are satisfied that he has received notice as to his responsibility to evidence a dispute about at least one material fact, comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1, and submit documents showing his disagreement with defendant. The notice provided to plaintiff explicitly states that "[i]f you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed" (docket no. 46, filed 1/16/2007).

Because plaintiff failed to provide any documents or support of his allegations we take the following factual background from defendant's 56.1 statement. Defendant's statement of facts relies almost exclusively on plaintiff's deposition testimony, which has been provided in its entirety as a defense exhibit. For purposes of summary judgment motions, we construe the facts in favor of the non-movant. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Bledsoe v. City of Chicago, 1996 WL 406647, *2 (N.D.Ill.1996) (stating that only reasonable inferences, not all conceivable inferences, will be drawn in favor of non-moving party). Summary judgment is then appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). *See also* <u>Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis</u>, 806 F.2d 146, 149 (7th Cir.1986). The mere existence of some factual dispute will not frustrate an otherwise proper summary judgment; only a genuine dispute over a material fact will defeat summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986).

Plaintiff's allegations stem from an incident in which he was attacked by a fellow detainee, Cross, while being held in the bullpen area of the state court pending criminal charges. The incident took place on November 10, 2004. As a detainee at the Cook County Department of Corrections, plaintiff was transported to the Cook County Criminal courthouse in order to attend a court date in his criminal proceeding before Judge Clay. While awaiting his hearing, plaintiff fell asleep on the bullpen floor. Plaintiff was awoken by kicks in the left and right leg by Cross, also detained in the bullpen. Plaintiff had not met Cross before the incident. After calling for security assistance, plaintiff was punched in the face and eye by Cross. Perez was the first officer to respond to the incident, whereupon she ordered Cross to release plaintiff from a chokehold. Cross obeyed and stepped away from plaintiff. A few minutes thereafter, eight to ten correctional officers arrived at the scene of the incident. Ultimately, plaintiff was removed from the bullpen and treated for his injuries.

Because defendant supplied this court with plaintiff's complete deposition testimony, such evidence becomes part of the record. We note the following additional facts not provided by defendant, as gleaned from the deposition testimony. Perez checked on the inmates at least once prior to the incident, when Cross got in a small argument with other defendants

regarding the bench on which he was draped (def's statement of facts, exh. 4, at 49). No violence ensued. (*Id.*). Plaintiff did not speak with Perez at that time, nor did he exchange any communication with her prior to the incident described above (*id.*, at 50). Upon responding to the incident described above, Perez asked plaintiff if Cross hit him because plaintiff refused to give Cross a cigarette (*id.*, at 71).

## DISCUSSION

Plaintiff brings this action, alleging violation of his Eighth and Fourteenth Amendment rights under the United States Constitution. Such an action is brought pursuant to 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Although plaintiff asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment, the Eighth Amendment protects those already convicted. It is the Fourteenth Amendment that protects pretrial detainees from cruel and unusual punishment. Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir.1992) ("A pretrial detainee's right not to be punished is at least as expansive as a convicted prisoner's freedom from cruel and unusual punishment under the Eighth Amendment") (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). The Eighth and Fourteenth Amendments require the government to protect prisoners and detainees, respectively, from each other. Zarnes v. Rhodes, 64 F.3d 285, 289-90 (7th Cir.1995).

The Fourteenth Amendment, as noted above, protects pretrial detainees from violence

and assault. In order to prove his claims under the Fourteenth Amendment, plaintiff must prove that defendant was deliberately indifferent to his safety or showed a reckless disregard for plaintiff's right to be protected from harm. Swofford, 969 F.2d at 529. To prove such unconstitutional conduct, plaintiff must "show that the state actor knew of the risk or 'that the risk of violence was so substantial or pervasive that the defendants' knowledge could be inferred.'" Id. (citing Goka v. Bobbitt, 862 F.2d 646, 651 (7th Cir.1988)). Plaintiff's response to defendant's motion for summary judgment, entitled plaintiff's motion for summary judgment, asserts that Cross had previously been charged with violent assault, both prior to and during his incarceration. Plaintiff's motion thus intimates that Cross should have been restrained prior to his assault against plaintiff. Plaintiff's motion, however, fails to include any documentary or testimonial evidence of Cross' history. Plaintiff cannot rely on conclusory allegations or unsubstantiated assertions to defeat a motion for summary judgment. See Payne v. Pauley, 337 F.3d 767, 773 (7th Cir.2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)); Greer v. Board of Edu. of City of Chicago, Ill., 267 F.3d 723, 729 (7th Cir.2001) (citing Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 346 (7th Cir.1999)).

Thus, we are left with the undisputed facts stated above, including the following: (1) plaintiff had never met Cross before the incident; (2) plaintiff never voiced any concerns to Perez prior to the incident; and (3) Perez responded to the incident in a seemingly timely manner.[2] In order to succeed on his claim, plaintiff must submit evidence of either actual intent or deliberate indifference. Plaintiff admitted that he never spoke with Perez prior to

---

[2]Plaintiff asserts in his deposition that Perez's comment to plaintiff regarding cigarettes was inappropriate and disrespectful. While Perez's comment may have been disrespectful, it shows neither a deliberate indifference to plaintiff's safety nor a reckless disregard for his right to be protected from harm. In fact, her actions show the opposite. She was the first to arrive on the scene, ordered Cross to let go of plaintiff, and called for support quickly enough that they arrived in a couple of minutes (see def's statement of facts, exh. 4, at 64-65).

the incident, and in fact had never met Cross prior to the incident. He therefore failed to evidence actual intent. Deliberate indifference can be equated to intentional or reckless conduct, which can be described as "conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." <u>Foelker v. Outagamie County</u>, 394 F.3d 510, 513 (7th Cir.2005) (internal citations omitted). *See also* <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1032 (7th Cir.2000) (a "deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison"). No reasonable jury, knowing the facts evidenced by the documentary and testimonial evidence in this case, could find that Perez's conduct rose to that level. Such a finding compels our conclusion.

## CONCLUSION

For reasons hereinbefore stated, we grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. We also dismiss defendant Sheahan, thus concluding the case.

**JAMES B. MORAN**
Senior Judge, U. S. District Court

June 18 , 2007.